# THE HOFFINGER FIRM, PLLC

### 150 EAST 58TH STREET, 16TH FLOOR
### NEW YORK, NEW YORK 10155

JACK S. HOFFINGER
FRAN HOFFINGER
SUSAN HOFFINGER

TELEPHONE: (212) 421-4000
FACSIMILE: (212) 223-3857

MARK W. GEISLER
OF COUNSEL

April 18, 2019

VIA ECF
Honorable Kimba M. Wood
United States District Court
Southern District of New York
500 Pearl Street, Room 2540
New York, New York 10007

Re:   United States v. Freedman, et al. 18 Cr. 217 (KMW)

Dear Judge Wood:

We represent Defendant Dr. Dialecti Voudouris in the above case. We submit this letter
motion seeking severance from co-defendant Dr. Gordon Freedman under Rule 14(a) of the
Federal Rules of Criminal Procedure due to the recent filing of a new indictment against Dr.
Freedman containing highly inflammatory allegations. See United States v. Gordon Freedman,
19 Cr. 249 (AJN) (the "New Freedman Indictment"). The New Freedman Indictment filed
April 11, 2019 (copy enclosed), charges Dr. Freedman with sixteen counts of distributing
without a legitimate medical purpose a fentanyl-based rapid-onset opioid known as a
Transmucosal Immediate Release Fentanyl ("TIRF") product as well as other controlled
substances to a particular patient, including one count for distributing the fentanyl-based TIRF
product that caused that patient's death.

By way of background, the Indictment in our case alleges that the defendants, all
physicians, prescribed a fentanyl-based TIRF product called Subsys in exchange for being paid
by its pharmaceutical manufacturer Insys to conduct speaker programs. The Indictment
alleges, among other things, that defendants were all part of one conspiracy to violate the anti-
kickback statute and to commit honest services wire fraud. Defendants in our case filed a
variety of motions, currently pending decision, including motions to dismiss counts in the
Indictment and for severance.[1] As a result of the recently disclosed allegations in the New
Freedman Indictment, we are now constrained to seek severance of Dr. Voudouris' trial from
that of Dr. Freedman, based on Rule 14(a).

The New Freedman Indictment alleges Dr. Freedman used his medical license to
overprescribe opioids, including the TIRF fentanyl product, for no legitimate medical purpose,
causing his patient to suffer a fatal overdose after ingesting the TIRF fentanyl product. New
Freedman Indictment, ¶¶ 5, 6. Specifically, the New Freedman Indictment alleges that from

_____

[1] We filed motions on behalf of Dr. Voudouris to dismiss Counts One, Three and Four of the
Indictment, for a bill of particulars and Brady material, and joined in co-defendants' motions
for severance based on Rule 8(b) misjoinder and for a scheduling order.

THE HOFFINGER FIRM, PLLC

2013 through May 2017, Dr. Freedman prescribed for his patient approximately 231,467 oxycodone pills and approximately 28,389,200 micrograms of fentanyl – the vast majority of which were not for a legitimate medical purpose. Id., ¶ 3, 5.  Further, the New Freedman Indictment alleges that on April 13, 2017, Dr. Freedman prescribed approximately 150 doses of the TIRF fentanyl product and approximately 950 oxycodone pills and that the patient died of an overdose after ingesting a quantity of the TIRF fentanyl product on May 4, 2017.  Id., ¶ 6.

Respectfully, these newly charged factual allegations of Dr. Freedman causing a patient's death by overprescribing a TIRF fentanyl product – similar to the product at issue in our case – and prescribing massive quantities of other controlled substance medications without a legitimate medical purpose, create a substantial risk of unfair spillover prejudice to Dr. Voudouris, warranting severance from the trial of Dr. Freedman, pursuant to Rule 14(a).

On April 12th, a day after the filing of the New Freedman Indictment, and on April 15, 2019, I spoke with AUSAs Noah Solowiejczyk and David Abramowicz to seek agreement concerning severance of Dr. Freedman's trial from that of Dr. Voudouris. AUSAs Solowiejczyk and Abramowicz advised that they would not seek to admit the conduct alleged in the New Freedman Indictment in their case-in-chief in our case, but if Dr. Freedman "opened the door" by testifying, among other things, regarding his appropriate care of patients, they would seek to cross-examine him on the facts alleged in the New Freedman Indictment.  I advised that as a result, we were compelled to seek severance of Dr. Voudouris' trial from that of Dr. Freedman.

I also spoke with Samuel Braverman, counsel for Dr. Freedman, who advised that his client is likely to testify at trial in our case and expects such testimony to include that Dr. Freedman's treatment of patients was medically appropriate. Accordingly, the Government's admission of the highly inflammatory facts alleged in the New Freedman Indictment on cross-examination of Dr. Freedman risks substantial unfair spillover prejudice to Dr. Voudouris.

Rule 14(a) provides, in pertinent part, that "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Dr. Voudouris would be unfairly prejudiced by the introduction of the inflammatory facts underlying the New Freedman Indictment – in particular, the death of a patient as a result of Dr. Freedman's alleged overprescribing of a similar TIRF fentanyl product. There is no claim in our case that Dr. Voudouris' prescribing of Subsys (or any other opioid) to any patient constituted improper medical care or that any patient suffered overdose from her prescriptions. Introduction at our trial of the newly revealed allegations against Dr. Freedman would have a substantial prejudicial spillover effect on Dr. Voudouris, interfering with her right to a fair trial and to have the jury "mak[e] a reliable judgment about guilt or innocence."  See Zafiro v. United States, 506 U.S. 523, 539 (1993).  As the Supreme Court noted, "evidence of a codefendant's wrongdoing could lead a jury to conclude that a defendant was guilty."  Id.

Finally, we do not believe that a curative instruction would effectively prevent the substantial spillover prejudice Dr. Voudouris would suffer from the introduction of the highly

2

THE HOFFINGER FIRM, PLLC

inflammatory allegations regarding Dr. Freedman.  Although there is a presumption that a jury will follow limiting instructions, that presumption does not apply "where the prejudicial spillover was so overwhelming, they cannot be presumed to be effective."  <u>United States v. Riggi</u>, 541 F.3d 94, 104 (2d Cir. 2008) (citation and inner quotation marks omitted).

Accordingly, we respectfully request that the Court grant severance of Dr. Voudouris' trial from that of Dr. Freedman.

We are also informed by counsel for co-defendants Dr. Todd Schlifstein and Dr. Jeffrey Goldstein that they join our motion and also seek to have their trials severed from that of Dr. Freedman, for the reasons set forth herein.

Respectfully submitted,

Susan Hoffinger
Mark W. Geisler

THE HOFFINGER FIRM, PLLC
150 East 58th Street, 16th Floor
New York, New York 10155
212-421-4000
shoffinger@ hoffingerlaw.com
mgeisler@hoffingerlaw.com
*Attorneys for Defendant Dialecti Voudouris*

enc.
cc: all counsel (by email)

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :          SEALED INDICTMENT

                  - v. -         :             19 Cr. ___

GORDON FREEDMAN,                  :          19 CRIM 249

                  Defendant.     :

- - - - - - - - - - - - - - - x

## COUNTS ONE THROUGH FIFTEEN

The Grand Jury charges:

1.    At all times relevant to this Indictment, GORDON
FREEDMAN, the defendant, was a doctor licensed to prescribe
controlled substances.  FREEDMAN worked at and owned a private
pain-management office on the Upper East Side of Manhattan,
among other locations, and was an Associate Clinical Professor
at a large hospital in Manhattan.

2.    From in or about 2013 through in or about May 2017,
GORDON FREEDMAN, the defendant, prescribed numerous controlled
substances, including fentanyl, hydromorphone, morphine,
oxycodone, and oxymorphone, for a particular patient ("Patient-
1").

3.    From in or about 2013 through in or about May 2017,
GORDON FREEDMAN, the defendant, prescribed Patient-1
approximately 231,467 oxycodone pills containing a total of
approximately 7,097,185 milligrams ("mg") of oxycodone.  In 2013

alone, FREEDMAN prescribed Patient-1 approximately 85,427 oxycodone pills--an average of approximately 234 oxycodone pills per day--containing a total of approximately 2,422,435 mg of oxycodone. The vast majority of the oxycodone prescriptions that FREEDMAN wrote for Patient-1 were not issued for a legitimate medical purpose in the usual course of sound professional practice.

4.   At all times relevant to this Indictment, the Food and Drug Administration ("FDA") has classified certain fentanyl-based, rapid-onset opioids as Transmucosal Immediate Release Fentanyl ("TIRF") products. Because of the risk of misuse, abuse, and addiction associated with TIRF products, the FDA requires practitioners to undergo training and testing before prescribing TIRF products for outpatient use.

5.   From in or about 2013 through in or about May 2017, GORDON FREEDMAN, the defendant, prescribed Patient-1 TIRF products containing a total of approximately 28,389,200 micrograms ("mcg") of fentanyl. The vast majority of the prescriptions containing fentanyl that FREEDMAN wrote for Patient-1 were not issued for a legitimate medical purpose in the usual course of sound professional practice.

6.   On or about April 13, 2017, GORDON FREEDMAN, the defendant, gave Patient-1 prescriptions for approximately 150

2

doses of a TIRF product containing approximately 1,600 mcg of fentanyl per dose ("TIRF Product-1"), and for approximately 950 oxycodone pills containing approximately 30 mg of oxycodone per pill.  On or about May 4, 2017, Patient-1 died of a fentanyl overdose after ingesting a quantity of TIRF Product-1.

<u>Statutory Allegations</u>

7.   On or about the dates set forth in the chart in paragraph 8 below, in the Southern District of New York and elsewhere, GORDON FREEDMAN, the defendant, intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

8.   The controlled substances involved in the offenses were quantities of mixtures and substances containing a detectable amount of the controlled substances set forth in the chart below:

| Count | Approximate Date | Controlled Substance |
|-------|------------------|----------------------|
| One | May 5, 2014 | Fentanyl |
| | | Oxycodone |
| Two | June 11, 2014 | Fentanyl |
| | | Oxycodone |
| Three | August 13, 2014 | Fentanyl |
| | | Oxycodone |
| Four | September 8, 2014 | Fentanyl |
| | | Oxycodone |
| Five | October 28, 2014 | Fentanyl |
| | | Oxycodone |

| Count | Approximate Date | Controlled Substance |
|-------|------------------|----------------------|
| Six | January 2, 2015 | Fentanyl |
|  |  | Oxycodone |
| Seven | July 24, 2015 | Fentanyl |
|  |  | Oxycodone |
| Eight | September 17, 2015 | Fentanyl |
|  |  | Oxycodone |
| Nine | September 28, 2015 | Fentanyl |
|  |  | Oxycodone |
| Ten | November 30, 2015 | Fentanyl |
|  |  | Oxycodone |
| Eleven | March 24, 2016 | Fentanyl |
|  |  | Oxycodone |
| Twelve | July 18, 2016 | Fentanyl |
|  |  | Oxycodone |
| Thirteen | August 8, 2016 | Fentanyl |
|  |  | Oxycodone |
| Fourteen | November 9, 2016 | Fentanyl |
|  |  | Oxycodone |
|  |  | Oxymorphone |
| Fifteen | March 27, 2017 | Fentanyl |
|  |  | Morphine |
|  |  | Oxycodone |

(Title 21, United States Code, Sections 812, 841(a)(1), and
(b)(1)(C); Title 18, United States Code, Section 2.)

COUNT SIXTEEN

The Grand Jury further charges:

9.    The allegations set forth in paragraphs 1 through 6 of
this Indictment are repeated and realleged as if fully set forth
herein.

10.    On or about April 13, 2017, in the Southern District
of New York and elsewhere, GORDON FREEDMAN, the defendant,

4

intentionally and knowingly distributed and possessed with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

11.  The controlled substances involved in the offense were (i) a quantity of mixtures and substances containing a detectable amount of fentanyl, and (ii) a quantity of mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C).

12.  The use of one such controlled substance--to wit, fentanyl--resulted in Patient-1's death in New York, New York, on or about May 4, 2017.

(Title 21, United States Code, Section 812, 841(a)(1), and (b)(1)(C); Title 18, United States Code, Section 2.)

FORFEITURE ALLEGATIONS

13.  As a result of committing the offenses alleged in Counts One through Sixteen of this Indictment, GORDON FREEDMAN, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States

5

currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

14.  If any of the above-described forfeitable property, as a result of any act or omission of GORDON FREEDMAN, the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____
Foreperson

_____
GEOFFREY S. BERMAN
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**GORDON FREEDMAN,**

Defendant.

---

**INDICTMENT**

19 Cr. ___

(21 U.S.C. §§ 812, 841(a)(1) and (b)(1)(C);
18 U.S.C. § 2.)

---

GEOFFREY S. BERMAN
United States Attorney

*Harvey Dann IV*   Foreperson.